IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY MCCAA,

                  Plaintiff,

v.

MICHAEL MEISNER, JANEL NICKEL,
D. MORGAN, BRIAN FRANSON,
TONY ASHWORTH, CAPT. LIPINSKI,
LT. SABISH, DR. LESLIE BAIRD,
DR. PATRICK KUMKE, SGT. MILLONIG JR.,
C.O. T. BITTELMAN, C.O. S. NEWMAIER,
C.O. RATACZAK, C.O. CICHONANOWICZ,
C.O. EBERT and JOHN DOE 1-5,

                  Defendants.

ORDER

12-cv-61-slc

---

On February 1, 2012, I assessed plaintiff Randy McCaa an initial partial payment of $25.76 of the $350 for filing this case as required by 28 U.S.C. § 1915(b)(1). Instead of paying the initial partial payment, plaintiff has now paid the full $350 filing fee. Nevertheless, because plaintiff is a prisoner, he is subject to the 1996 Prison Litigation Reform Act. Under the act, plaintiff cannot proceed with this action unless the court grants him permission to proceed after screening his complaint pursuant to 28 U.S.C. § 1915A to determine whether the plaintiff's complaint must be dismissed because the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. Accordingly, plaintiff's complaint will taken under advisement for screening.

Additional matters in this case that require comment. On February 7, 2012, plaintiff filed a motion for use of release account funds to pay his initial partial payment, *see* dkt. 10. Plaintiff's $350 filing fee is now paid so this motion will be denied as moot. Next, on February 15, 2012, plaintiff filed a letter in which he states that he would like to amend his complaint. Plaintiff is advised that according to Fed. R. Civ. P. 15, he may freely amend his complaint

before an answer has been filed in this case. However, once a responsive pleading is filed by defendants, he must ask for leave of the court to file an amended complaint. In his letter, plaintiff also requests an order from the court "to stop blocking plaintiff from Exhausting Remedies." If plaintiff amends his complaint to include allegations that prison officials are preventing him from exhausting his administrative remedies, plaintiff is advised that he will only be allowed to bring those claims in this action if they are against the defendants already in the case or related to the claims he is already bringing in this lawsuit. *See* Fed. Rs. Civ. P. 18 and 20.

ORDER

IT IS ORDERED that

1. Plaintiff Randy McCaa's complaint is taken under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff will be notified promptly when a decision has been made.

2. Plaintiff's motion for the use of his release account funds to pay his initial partial payment, dkt. 10, is DENIED as moot.

Entered this 17[h] day of February, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge